IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| PATRICK O. LOCKHART, ) | |
| ) | |
| *Plaintiff,* ) | Civil No. 1:18-cv-1229 |
| ) | |
| v. ) | Hon. Liam O'Grady |
| ) | |
| BRUCE D. WHITE, Individually and in his ) | |
| official capacity as Chief Judge of Fairfax ) | |
| Circuit Court ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

## ORDER

This matter comes before the Court *sua sponte* upon receipt of *pro se* Plaintiff's Complaint (Dkt. 1). Plaintiff brings a §1983 suit against Chief Judge White of the Fairfax Circuit Court based on the conduct and rulings of various judges, including Chief Judge White, in Plaintiff's state court divorce case. Plaintiff seeks monetary damages against Chief Judge White. Plaintiff also asks the Court to make various declaratory judgment rulings in the state court case and provide injunctive relief against further state court orders.

The Court has inherent authority to dismiss a complaint *sua sponte* where the Court lacks subject matter jurisdiction over the complaint or the complaint is frivolous. *Ross v. Baron*, 493 F. Appx. 405, 406 (4th Cir. 2012). Plaintiff's § 1983 claims for monetary damages against Chief Judge White are barred as a matter of law by the doctrine of judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Plaintiff's requests for declaratory and injunctive relief from the state court's rulings are barred by the *Rooker-Feldman* doctrine. *Everson v. Eagles*, 2007 WL 5151734, at *1 (M.D. N.C. June 4, 2007); *see also*, *Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

For the reasons stated above, and for good cause shown, Plaintiff's Complaint (Dkt. 1) is hereby **DISMISSED WITH PREJUDICE**.

To appeal this decision, Plaintiff must file a written Notice of Appeal with the Clerk of this Court within sixty (60) days of receipt of this Order. Fed. R. App. P. 4(a)(1)(B)(ii). Failure to file a timely Notice of Appeal waives the right to appeal.

The Clerk is directed to provide a copy of this Order to the Plaintiff at his last known address, and to terminate this case.

It is **SO ORDERED**.

October __, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge